**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-8, ITS SUCCESSORS AND ASSIGNS**, | Case No. 3:13-cv-00964-SI **OPINION AND ORDER** |
| Plaintiff, | |
| v. | |
| **REEMA ZAHRA,** *et al.*, | |
| Defendant/Counter-Claimant, | |
| v. | |
| **BANK OF AMERICA, N.A., a Delaware Corporation**, | |
| Counterclaim-Defendant. | |

**Michael H. Simon, District Judge.**

There are two motions pending before the Court that are ready for resolution. First,
Defendant Reema Zahra ("Defendant" or "Zahra") moves for leave to file a Second Amended
Answer (Dkt. 28), which Plaintiff The Bank of New York Mellon ("Plaintiff" or "Mellon") and
Counterclaim-Defendant Bank of America, N.A. ("BANA") oppose (Dkt. 39). Second, BANA

PAGE 1 – OPINION AND ORDER

moves for a Protective Order Against Notice of Deposition (Dkt. 40), which Defendant opposes in part (Dkt. 45).

**A.      Defendant's Motion for Leave File a Second Amended Answer**

Defendant moves for leave to file a Second Amended Answer, proposing to add several factual allegations that Defendant asserts Defendant only recently learned in discovery after Plaintiff provided its document production on July 8, 2014. Defendant also seeks to add BANA to Defendant's first counterclaim, alleging violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which Defendant sometimes erroneously cites as § 1962. Further, Defendant seeks to add a new counterclaim against both Plaintiff and BANA under the Declaratory Judgment Act, 28 U.S.C. §2201; a new counterclaim against only Plaintiff for breach of contract; and a new counterclaim against both Plaintiff and BANA under Oregon's Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. § 646.638(1), § 646.608(1)(u), and Or. Admin. R. § 137-020-0805(6). Finally, Defendant seeks to add two new affirmative defenses, one alleging "tender" and another alleging "estoppel." Dkt. 31-2 (proposed Second Amended Answer). Plaintiff and BANA oppose Defendant's motion to amend on three grounds, none of which are well taken.

**1.      Or. Rev. Stat. § 31.725 Does Not Apply in Federal Court**

Plaintiff and BANA argue that "Zahra has failed to submit credible and admissible proof supporting her claim for punitive damages" and that "[a] litigant seeking to allege punitive damages must first seek leave from the court." In support, Plaintiff and BANA cite Or. Rev. Stat. § 31.725. Dkt. 39 at 3-4. That statute, however, conflicts with the Federal Rules of Civil Procedure and, thus, does not apply to state-law claims brought in federal court. *See Burkhart v. L.M. Becker & Co.*, 2004 WL 1920196 (D. Or. 2004); *Pruett v. Erickson Air-Crane Co.*, 183

F.R.D. 248, 250-52 (D. Or. 1998); *see also* OSB, FEDERAL CIVIL LITIGATION IN OREGON, § 9.7 (2009). Further, the Ninth's Circuit's decision in *Kuntz v. Lamar Corp.*, 385 F.3d 1177 (9th Cir. 2004), decided one month after *Burkhart*, does not alter this result. *See King v. Deutsche Bank A.G.*, 2005 WL 611954, at *36 (D. Or. 2005).

## 2.    Punitive Damages Are Available under Oregon's UTPA

Plaintiff and BANA also argue that "Zahra's Motion [to Amend] should be denied for the additional reason that, to the extent her claim for damages is borne out of contract, it fails as a matter of law. Contract claims do not lend themselves to punitive damages." Dkt. 39 at 5-6. In support, Plaintiff and BANA cite an Oregon appellate case that stands for the proposition that punitive damages are not available for a claim alleging breach of contract. *Id*. Defendant, however, is not seeking punitive damages as part of Defendant's breach of contract claim. *See* Dkt. 31-2, at ¶¶ 63-68. Instead, Defendant is only seeking punitive damages in connection with Defendant's claim under the UTPA, *id*. at Prayer for Relief, ¶ 5, and punitive damages are available under that statute. Or. Rev. Stat. § 646.638(1).

## 3.    Defendant's Motion to Amend Is Not Untimely

Plaintiff and BANA also argue that Defendant's motion to amend was filed on August 25, 2014, which is only one month before discovery is scheduled to close. Dkt. 39, at 6-7. Defendant responds that the "full loan accounting and the loan collection notes were not produced to the Defendant's counsel until approximately July 8, 2014," and "[i]t was only after fully reviewing the loan accounting, the loan collection notes and the other documents" that Defendant's counsel was able to prepare the proposed amended claims. Dkt. 30, at ¶¶ 3-5 (Decl. of T. Scannell). This argument is insufficient to deny Defendant's motion to amend, but the

Court will allow an appropriate extension of discovery deadlines to permit the parties to complete their discovery on the new claims and allegations.

### B.    Bank of America's Motion for Protective Order

Counterclaim-Defendant BANA moves for a protective order under Fed. R. Civ. P. 26(c)(1), precluding Defendant from taking the deposition of an "unnamed" BANA employee "from the Bank of America Mortgage Team who actually worked on, or assigned the work up of, Defendant's case until the deposition of Luis Reyes." Dkt. 40, at 2.

In its opening sentence in support of its motion, BANA states: "During the course of discovery, multiple depositions have been conduct at the requests of all parties." *Id.* BANA then describes the deposition that was taken of BANA's employee Luis Reyes pursuant to Fed. R. Civ. P. 30(b)(6). Contrary to the implication in BANA's opening sentence that *Defendant* has taken multiple depositions of BANA's employees, the deposition of Mr. Reyes is, in fact, the only deposition that Defendant has taken in this case thus far. (The Court will assume that BANA's misleading implication was inadvertent.) Defendant is entitled to obtain discovery from whomever "within the Bank of America Mortgage Team actually worked on, or assigned the work up of," Defendant's loan file and case. If BANA is unwilling voluntarily to identify that person, then it shall produce a witness in Portland, Oregon pursuant to Fed. R. Civ. P. 30(b)(6) who shall testify regarding the identity or identities of any and all such persons. Then, Defendant may depose that person or those persons.

BANA also argues that the requested deponent "assists" BANA's inside and outside legal counsel with such tasks as obtaining business records relating to Defendant's loan and that such an employee's position is to support BANA's legal defense. Dkt. 40, at 3-4. Nothing in this Opinion and Order, however, directs any witness to answer any questions properly covered

under the attorney-client privilege, and the Court does not construe BANA's motion as currently seeking protection on that issue. If a dispute later arises concerning an assertion of the attorney-client privilege and a refusal to answer a specific question, the Court will resolve any such dispute based on a more complete factual record.

Finally, BANA states that "[i]f the Court finds that the BANA employee should have to submit for a deposition in this matter, BANA respectfully requests that such deposition should not require the deponent to travel to Portland, Oregon." Dkt. 40, at 5. "Defendant does not object to this request." Dkt. 45 at 7. Thus, the location of the deposition is not an issue that needs to be resolved by the Court.

### C.    Conclusion

Defendant Reema Zahra's motion for leave to file a Second Amended Answer (Dkt. 28) is GRANTED. Counterclaim-Defendant Bank of America, N.A.'s motion for a Protective Order Against Notice of Deposition (Dkt. 40) is DENIED. In preparation for the telephone status conference scheduled in this matter for September 16, 2014, at 11:00 a.m., the parties, through counsel, shall confer regarding, and be prepared to discuss with the Court, the parties' proposals for the following dates: (a) the completion of all discovery, (b) the deadline for filing dispositive motions, and (c) the commencement of trial.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge